Dear Mr. Gautreaux:
This office is in receipt of your request in regard to eligibility for Municipal Police Officers' Supplemental Pay in accordance with R.S. 33:2218.2 as amended by Act 541 of 1997. You ask whether this amendment now requires all elected heads of law enforcement agencies, whether termed "chief of police" or "marshal" be POST certified before they are eligible to receive supplemental pay, and whether there is a difference between a chief of police and a marshal for supplemental pay purposes.
R.S. 33:2218.2 is relative to state compensation to be paid in addition to the compensation paid by any municipality to any police officer "who devotes his full working time to law enforcement" and "for those hired after March 31, 1986, who have completed and passed a council-certified training program as provided in R.S. 40:2405". Act 541 of 1997 amended R.S. 33:2218.2
by enactment of R.S. 33:2218.2(8)(c) to provide for eligibility for supplemental pay for certain elected city marshals. Section 8(c) provides as follows:
 Notwithstanding any other provisions of this Section to the contrary, any person who is sworn in as an elected marshal of a municipality or tribe on January 1, 1997, or thereafter, shall, immediately upon taking office, be eligible to receive such supplemental compensation as provided by Subsection A of this Section, if such person meets the POST certification requirements provided by R.S. 40:2405. The effective date for beginning such supplemental compensation shall be the date on which such person is sworn into office, if the certification requirements have been completed within the periods stipulated in R.S. 40:2405(A) or (E).
You point out that R.S. 40:2402 defines peace officer as "any full-time employee of the state, a municipality, a sheriff or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, highway laws of this state, but not including anyelected or appointed head of a law enforcement department." (Emphasis added.)
You indicate the Municipal Police Officers' Supplemental Pay Board of Review had determined in the past that chiefs of police did not have to be POST certified in order to receive supplemental pay. This causes you to ask whether this amendment now requires all elected heads of law enforcement agencies, whether they be termed "chief of police" or "marshal", be certified before they are eligible to receive supplemental pay. In this regard you point out that R.S. 33:381 provides for the chief of police to be elected unless otherwise specified by law with the qualifications for elected chiefs of police being set forth in R.S. 33:385.1. However, you further note that R.S.33:381.1 provides for the election or appointment of marshal and that the marshal is the chief of police.
We feel the answer to your inquiry is covered by Atty. Gen. Op. No. 96-474 wherein the Chief of Police for Ferriday, Louisiana asked whether the law required he be POST certified in order to receive state supplemental pay benefits under R.S. 33:2218.2.
This office noted that while "peace officer" as set forth in R.S.40:2402 did not include "an elected or appointed chief of police for purposes of retaining POST certification under R.S. 40:2401 et seq", R.S. 33:2218.2 governing eligibility for state supplemental benefits makes no such exception. Accordingly, it was stated as follows:
 While you may be exempt from certification requirements for purposes of LSA-R.S. 40:2401, et seq., you remain ineligible for supplemental pay benefits unless you have met the requirements of law as provided in LSA-R.S. 33:2218.2.
Therefore, it appears this office has decided contrary to the Board's conclusion referenced by you that chiefs of police did not have to be POST certified in order to receive supplemental pay.
We find support for this prior opinion in R.S. 33:2218.2(C)(8)(a) wherein it is listed in Section (C) the municipal police officers entitled to additional pay, and includes in 8(a) "any person elected to office of chief of police of a municipality * * * who is otherwise qualified as a duly commissioned law enforcement officer to receive additional pay out of state funds."
Consequently, we see no reason to make a distinction between referring to a marshal simply as "marshal" or "chief of police" in regard to the POST certification requirements contained in the supplemental pay law. By Act 541 of 1997 an elected marshal shall be eligible for supplemental compensation "if such person meets the POST certification requirements provided by R.S. 40:2405", and this office has previously concluded a chief of police is ineligible for supplemental pay benefits unless the requirements of the R.S. 33:2218.1 are met, i.e., extra compensation applies to any police officer who has "completed and passed a council certified training program as provided in LSA R.S. 40:2405".
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR